# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DEXTER HOFFMAN,  )
                 )
    Petitioner,  )
                 )
v.               )  **Case No. CIV 05-293-FHS**
                 )
HASKELL HIGGINS, )
                 )
    Respondent.  )

## OPINION AND ORDER

This matter is before the court on the Respondent's Motion to Dismiss Petitioner's petition for a writ of habeas corpus. Respondent has filed a Motion to Dismiss arguing that Petitioner failed to exhaust his state court remedies. Petitioner is an inmate currently incarcerated at HMCC in Atoka, Oklahoma where he is currently serving a 9 year sentence for Possession of a Controlled Dangerous Substance. Petitioner is not challenging his sentence but rather is challenging a disciplinary report in which 365 earned credits were revoked. He files this action pursuant to 28 U.S.C. § 2241.

Petitioner has brought this action alleging that he did not receive due process in a prison disciplinary action in which earned credits were revoked. On April 4, 2005, Petitioner fully exhausted his remedies within the Department of Corrections system. However, Petitioner did not file an action pursuant to 57 O.S. A. § 564.1 57 O.S. A. § 564.1 was a statutory provision that was passed by the Oklahoma legislature which provides an appeal process in state court when earned credits are revoked in a prison disciplinary hearing. The process is called "petition for review" and the court must find there was sufficient evidence upon which a finding could be based.

1

This act was made effective on May 10, 2005. While Petitioner's habeas corpus petition was not filed until July 12, 2005, his appeal process with the prison system was complete on April 4, 2005, almost a full month before the act became effective. Respondent has submitted no evidence that the act was intended to be applied retroactively. The plain language of the statute does not state that it is to be applied retroactively. Accordingly, the court finds 57 O.S.A. § 564.1 is not applicable to the Petitioner's action because it was not law at the time Petitioner's appeal within the prison system became final. Respondent is ordered to file a substantive response to Petitioner's petition for writ of habeas corpus by January 5, 2007.

**ACCORDINGLY**, Respondent's Motion to Dismiss is hereby **DENIED**, and the Respondent is ordered to file a response to said Petition by January 5, 2007.

**IT IS SO ORDERED** this 18th day of December 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma