# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DEXTER HOFFMAN )
 )
        Petitioner, )
 )
    v. ) No. CIV-05-293-S
 )
HASKELL HIGGINS, )
 )
        Respondent. )

## ORDER AND OPINION

Before the court for its consideration is the petitioner's Petition for Writ of Habeas Corpus.

On July 12, 2005, petitioner filed this Petition for Writ of Habeas Corpus. Petitioner appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). He is currently incarcerated at the Carver Half-Way House in Oklahoma City, Oklahoma.

In his petition, petitioner is not challenging his convictions but rather is challenging a disciplinary report in which 110 earned credits were revoked at the Carver Half Way House. Petitioner was charged with a prison misconduct on September 10, 2004, for the offense of Possession/Manufacture of Contraband and received notice September 21, 2004 of this charge. The charge resulted from a staff member's eye witness account that materials had been seized during a search which included instructions for making drugs and a small amount of a white substance. This seizure occurred on September 10, 2004. On September 21 2004, petitioner received a copy of the Offense

1

Report, which outlined the incidents which resulted in the charge. The charge was investigated. Petitioner was also given the opportunity to request witnesses, present witness statements and documentary evidence to the investigator. Petitioner did not request witnesses. On October 8, 2004, the disciplinary hearing was held with petitioner present. After reviewing all the evidence, the disciplinary hearing officer found petitioner guilty of the charge October 8, 2004. Petitioner then appealed to the warden and a re-hearing was ordered. The re-hearing was conducted on February 24, 2005, with petitioner present. The hearing officer found the petitioner guilty and imposed discipline which was reviewed and approved on February 25, 2005. Only 110 earned credits were revoked. Petitioner then appealed to the warden and director and was denied final relief on April 4, 2005.

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the fact finders setting forth the evidence upon which they relied and the reasons for the disciplinary action taken. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). The facts reveal petitioner received advance written notice of the charge and the hearing did not take place until 24 hours after notice. Petitioner had the opportunity to call witnesses and to present documentary evidence in his defense to the investigator and hearing officer and a written statement by the fact finder was made as to the evidence relied upon and the

reasons for the disciplinary actions. A review of the record indicates the requirements of <u>Wolff</u> were met in petitioner's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion which resulted from the disciplinary hearing.

Petitioner has also alleged he was denied due process in the disciplinary hearing he received at the prison because Department of Corrections procedures were not followed. He alleges the "accumulative effect of errors: no lab results, denied access to a staff representative, denied access to a law library and the officers 'fabricating' their reports" violated his constitutional rights. As to petitioner's claim of not following Department of Corrections procedures this claim is without merit. Petitioner was entitled to the due process standards set forth in <u>Wolff</u>. He received those. Accordingly, petitioner's claim regarding the prison procedures has no merit.

As to petitioner's claim of errors in his proceeding, even if it were true, petitioner is not entitled to an error free proceeding. He is merely entitled to the due process afforded in <u>Wolff</u>. As stated earlier, this he received. As to the issue of staff representative, there is no such right, unless the inmate is incapable of defending himself and the record reflects the investigator determined a staff representative was not warranted. Further, petitioner's ability to prevail on his first appeals undermines this claim. He effectively represented himself.

As to petitioner's claim regarding access to a law library, petitioner must assert that he suffered some injury from not having access to the law library. Petitioner has made no such allegations. It is undisputed that access to the courts and the

3

means to effectuate such access are fundamental constitutional rights. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, "the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." Penrod v. Zavaras, 94 F.3d 1399 (10th Cir. 1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. Johnson v. Avery, 393 U.S. 483, 490 (1969); Ford v. Schmidt, 577 F.2d 408, 410 (7th Cir. 1978), cert. denied, 439 U.S. 870 (1978). In determining whether the access afforded an inmate is reasonable, the test to be applied is whether the access is "adequate, effective, and meaningful." Bounds, 430 U.S. at 822. To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. Lewis v. Casey, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996). Petitioner has made no such claim. He neither alleges nor provides facts that he suffered an injury or was prejudiced by his alleged failure to have access to the law library. Accordingly, his claim must fail.

As to the claim of no lab results, the petitioner was found guilty of possessing the cooking instructions. He was not found guilty of possessing a prohibited substance. As a result, this claim is frivolous. As to the claim of the officers' reports, the hearing officer stated he reviewed the eyewitness observations of the employee who observed the misconduct. It is the hearing officer, not a reviewing court, who evaluates the credibility of the witnesses and determines who has a reason to lie. This court finds there is no merit in petitioner's claims. Accordingly, the

petition for writ of habeas corpus must be **DENIED**.

It is so ordered this 9th day of May, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma